WORTHINGTON v. ROBERTA MINING COMPANY et al.;
MATTHEWS et al., Appellants.

**Division Two, November 14, 1899.**

**Appeals: JURISDICTION: ATTACHMENT: RECEIVER.** Where the only issue in the case is whether a receiver, appointed to take charge of the property of a company on the petition of a creditor who claims the company owes him $686, is entitled to the possession of the company's property, or the sheriff who attached the property at the suit of other creditors whose aggregate claim is $886, the Supreme Court has no jurisdiction of the appeal.

*Appeal from Jasper Circuit Court.*—HON. JOSEPH D. PERKINS, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

H. W. CURREY, W. R. ROBERTSON and J. W. McANTIRE for appellants.

BASON & BUCKLEY for respondent.

BURGESS, J.—On January 21, 1899, plaintiff instituted suit in the circuit court of Jasper county against the Roberta Mining Company, a corporation, on an account, for the sum of $686, alleging the company's indebtedness to be about $14,000, asking that a receiver be appointed to take charge of the corporate property, and for judgment on the account.

The petition averred that the company had no property except mining machinery and mining leases; that it was indebted some $14,000; that it was a non-resident corporation; that its creditors were threatening to attach its property, and that if they did so its property would be exhausted in costs and expenses, and the creditors unable to realize anything upon their debts.

Upon the same day that the petition was filed, defendant corporation entered its appearance, and the court made an order appointing one W. B. Kane receiver.   On the twenty-fifth day of January, 1899, C. E. Matthews et al., filed their petition in said cause, alleging that they are general creditors of defendant corporation; that it is indebted to them respectively, in various amounts aggregating about the sum of $886.89 then due, and that on the twenty-fifth day of January, 1899, they brought their several suits on their respective demands against said corporation in said circuit court, and in aid thereof sued out writs of attachment, under which all of the property of said corporation was seized and attached, before said receiver qualified by giving bond or took possession of said property.

Thereafter, the court at the instance of plaintiff, made an order of record directing the sheriff in whose possession the attached property then was, to turn it over to the receiver, which was done.   From this order, Matthews et al., appeal.

We are unable to discover anything in this record which confers jurisdiction on the Supreme Court of this appeal. The amount involved is not sufficient for that purpose, nor is there any other question raised by the record which does so. [Sec. 12, art. VI, Constitution of Missouri.]

We, therefore, order that the record be transferred to the Kansas City Court of Appeals.

GANTT, P. J., concurs; SHERWOOD, J., absent.